## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| PARBATEE YASHIN, individually and on behalf of all similarly-situated persons, | Civil Action No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| AMAZING CARE AGENCY INC., and RHODA PAPPOE, | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Parbatee Yashin ("Plaintiff") brings this collective action on behalf of all current and former non-exempt employees employed by Defendants Amazing Care Agency Inc. ("Amazing Care") and Rhoda Pappoe (collectively with Amazing Care, "Defendants"). In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiff and similarly-situated persons overtime for all hours worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff and those similarly-situated straight time for all hours worked, including all time worked in excess of 40 hours per week. Plaintiff also asserts an individual

FLSA claim for unpaid minimum wages against Defendants.  Additionally, Plaintiff asserts individual Georgia state-law claims against Amazing Care for breach of contract and, in the alternative, *quantum meruit*, promissory estoppel, unjust enrichment.  Finally, Plaintiff asserts an individual claim for reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.  Plaintiff shows the Court as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.     This is a collective action for unpaid overtime wages under the FLSA. Plaintiff brings the action on behalf of herself and other current and former non-exempt employees who were not paid overtime at one-and-one-half their regular rate when they worked over forty (40) hours in a workweek.  This group of individuals is referred to herein as the "FLSA Collective."

2.     Plaintiff alleges that Defendants applied policies and practices to Plaintiff and her fellow FLSA Collective members pursuant to which Defendants: (a) encouraged and/or knowingly permitted them to work more than 40 hours per week, and (b) intentionally failed to pay them one-and-one-half their regular rate of pay for hours they worked in excess of 40 per week.

3.     Plaintiff and other similarly-situated persons who choose to opt into this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action") are entitled to

recover: (i) unpaid overtime wages, (ii) liquidated damages, (iii) interest; and (iv) their attorneys' fees and costs.

4.     Additionally, Plaintiff asserts an individual claim against Defendants under the FLSA for unpaid minimum wages as a result of Defendants failure to pay her any wages for approximately two weeks of work that Plaintiff performed for Defendants.

5.     Plaintiff also asserts five (5) individual claims against Amazing Care under Georgia law.  First, Plaintiff asserts a claim for breach of contract arising from Amazing Care's failure to pay wages due for approximately two weeks' worth of work that Plaintiff performed for Amazing Care (Count IV).   In the alternative, Plaintiff asserts equitable claims for *quantum meruit*, promissory estoppel, and unjust enrichment (Counts V–VII).  Lastly, Plaintiff asserts a claim for her expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11 (Count VIII).

## JURISDICTION AND VENUE

6.     This is an action for unpaid overtime wages under the FLSA.  Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

7.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims relate to Plaintiff's

employment with Defendants and Defendants' compensation practices, and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

8.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this Collective Action Complaint occurred within the Northern District of Georgia, where Amazing Care's Principal Office Address is located.

## PARTIES

9.     From approximately July 29, 2021, to on or about January 21, 2022, Defendants employed Plaintiff as a Home Care Giver.

10.    Plaintiff was Defendants' "employee" within the definition of the FLSA at all times relevant to this Complaint.  Plaintiff's Consent to Join to this action is Exhibit A to this Complaint.

11.    At all relevant times, Defendants employed Plaintiff and other similarly-situated persons in domestic service, as defined by 29 U.S.C. §§ 206(f) and 207(l).

12.    At all relevant times, Defendants were a third-party employer within the meaning of 29 C.F.R. § 552.109.

4

13.     Amazing Care is a Georgia for-profit corporation that is licensed to conduct business in Georgia.  Amazing Care's Principal Office Address is 316 West Pike Street, Suite 140, Lawrenceville, Georgia 30046.

14.     Amazing Care may be served with process via its registered agent, Rhoda Pappoe, at 1310 Bridle Path Drive, Lawrenceville, Georgia 30045.

15.     Amazing Care was an "employer" of Plaintiff and the other FLSA Collective members under the FLSA at all times relevant to this Complaint.

16.     On information and belief, Defendant Pappoe is an owner of Amazing Care.  Ms. Pappoe regularly conducts business in the Northern District of Georgia. On information and belief, Defendant Pappoe is a Georgia resident.

17.     At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18.     Upon information and belief, Amazing Care had gross annual revenues in excess of $500,00.00 at all relevant times.

19.     At all relevant times, because Defendant Pappoe asserted control over Amazing Care's day-to-day operations, had ultimate responsibility for the supervision of Plaintiff and similarly-situated persons, and made the decision not to pay Plaintiff and similarly-situated persons overtime wages as required by the FLSA, she is an "employer" within the meaning of the FLSA.

5

## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of herself and all other similarly-situated persons pursuant to 29 U.S.C. § 216(b).

21.     Plaintiff and similarly-situated individuals:

a.  are or were employed by Defendant in non-exempt positions at any time within the period beginning three years prior to filing this action (the "relevant time period"); and

b.  worked more than 40 hours per week during some or all weeks within the relevant time period but did not receive overtime premium pay at one-and-one-half their regular hourly rate as required by the FLSA.

This group of persons is the "FLSA Collective."

22.     Plaintiff and the other members of the FLSA Collective were paid by the hour. Plaintiff and members of the FLSA Collective did not and do not meet the criteria for any recognized exemption to the FLSA's overtime requirements.

23.     The FLSA Collective is so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Collective is unknown, and the information permitting a determination of the number of FLSA Collective members

lies within the sole possession of Defendants.  However, there are, upon information and belief, at least 15 members of the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

24.     Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel experienced and competent in wage and hour law and FLSA Collective action litigation.

25.     Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the FLSA Collective.

26.     Members of the FLSA Collective are similarly situated under the FLSA because, *inter alia*:

      a. Defendants    encouraged    and/or    knowingly    permitted members of the FLSA Collective to work more than 40 hours per week;

      b. Members of the FLSA Collective worked more than 40 hours per week during one or more weeks within the relevant time period; and

c. Defendants failed to pay members of the FLSA Collective overtime compensation at a rate of one-and-one-half their regular pay for all time worked in excess of 40 hours per week.

## STATEMENT OF FACTS

27. Defendants are in the business of providing in-home, non-medical services, including personal care and companion/sitter services, in the metro-Atlanta area.

28. Defendants employed Plaintiff as a Home Care Giver from approximately July 29, 2021, to one or about January 21, 2022.

29. Throughout her employment, Plaintiff was regularly scheduled to work between approximately sixty (60) and seventy-two (72) hours per week.

30. Defendants assigned the clients that Plaintiff would assist. Plaintiff's duties as a Home Care Giver included assisting her assigned clients with, among other things, personal care, daily tasks and activities, transportation, meal preparation, housekeeping, and therapy.

31. Throughout the relevant time period, Defendants paid Plaintiff a set hourly rate of $14.00 for all time worked, regardless of the number of hours worked

in excess of 40 per week.  On information and belief, other Home Care Givers were also paid a set hourly rate for all hours worked.

32.     On information and belief, Defendants possess records of the time worked by Plaintiff and other members of the FLSA Collective.

33.     Despite Defendants' knowledge of overtime worked by Plaintiff and members of the FLSA Collective members, Defendants required, encouraged, and knowingly permitted Plaintiff and members of the FLSA Collective to work overtime hours, and failed to pay Plaintiff and members of the FLSA Collective required overtime premium pay when they worked overtime hours.

34.     Although the hourly rates paid to Plaintiff and other members of the FLSA Collective varied, Defendants' policy and practice of compensating Plaintiff and other FLSA Collective members on an hourly basis applied to all members of the FLSA Collective, as did Defendants' policy of failing to pay Plaintiff and members of the FLSA Collective at one-and-one-half their regular rate for all time worked in excess of 40 hours per week during the relevant time period.

35.     Plaintiff and the other members of the FLSA Collective worked substantial hours in excess of 40 per week based on the work schedules produced by the Defendants.

36.    Defendants knew or should have known that Plaintiff and the other members of the FLSA Collective members worked substantial hours in excess of 40 per week.  Indeed, Defendants had actual knowledge of the time worked in excess of 40 hours per week because Defendants paid Plaintiff and members of the FLSA Collective straight time for all hours worked.

37.    Defendants did not compensate Plaintiff and other members of the FLSA Collective members for all time worked in excess of 40 hours per week at the rate required by the FLSA, which is one-and-one-half their regular rate.

38.    Following her resignation in January 2022, Plaintiff did not receive her final paycheck for the last approximately two-week period that she worked for Defendants.

39.    To date, Plaintiff has not received any of the compensation due to her in her final paycheck.

40.    Defendants' failure to pay Plaintiff and other members of the FLSA Collective one-and-one-half their regular rates of pay for the time they worked in excess of 40 per week was pursuant to a policy and practice Defendants intentionally applied to Plaintiff and members of the FLSA Collective.

## COUNT I
### (Individual FLSA Claim against both Defendants)
### Willful Failure Pay Overtime in Violation of the FLSA

41.     At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

42.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

43.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

44.     At all relevant times, Defendants employed Plaintiff in domestic service, as defined by 29 U.S.C. § 207(l).

45.     At all relevant times, Defendants were third-party employers within the meaning of 29 C.F.R. § 552.109.

46.     Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

47.     Throughout the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half her regular rate for time worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff her base hourly rate for all time worked.

48.     As a result of Defendants' willful failure to compensate Plaintiff at one-and-one-half her regular rate for hours worked in excess of 40 per week,

Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

51.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants (i) her unpaid overtime wages for all of the hours that she worked in excess of 40 per week, (ii) an additional and equal amount as liquidated damages for Defendants' willful violations of the FLSA, (iii) interest, and (iv) reasonable attorneys' fees and costs.

## COUNT II
### (Collective FLSA Claims against both Defendants)
### <u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>

52.     Plaintiff seeks to represent the following collective group of non-exempt employees who Defendants failed to pay all overtime wages due:

> All non-exempt employees who worked for Defendants within three years prior to the filing of Plaintiff's Collective Action Complaint and who Defendants failed to pay overtime at one-and-one-half their regular rate for time worked in excess of 40 hours per week.

This is the "FLSA Collective."

53.    At all relevant times, Plaintiff and the other members of the FLSA Collective were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

54.    At all relevant times, Defendants were "employers" of Plaintiff and the FLSA Collective, as that term is defined by 29 U.S.C. § 203(d).

55.    Defendants are governed by and subject to 29 U.S.C. § 207.

56.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the FLSA Collective.

57.    At all relevant times, Defendants employed Plaintiff and other similarly-situated persons in domestic service, as defined by 29 U.S.C. § 207(l).

58.    At all relevant times, Defendants were third-party employers within the meaning of 29 C.F.R. § 552.109.

59.    The FLSA requires employers, such as Defendants, to compensate employees such as Plaintiff and the other members of the FLSA Collective at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 in each workweek.

60.    Defendants required Plaintiff and the other members of the FLSA Collective to work substantially more than 40 hours per workweek.

61.     As a systemic practice, Defendants failed to pay Plaintiff and the other members of the FLSA Collective at one-and-one-half their regular rate when they worked in excess of 40 hours per week.  Instead, Defendants paid Plaintiff and the other members of the FLSA Collective the base hourly rate for all time worked.

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the other members of the FLSA Collective.

64.     Plaintiff and the other members of the FLSA Collective are entitled to recover from Defendants (i) their unpaid overtime wages for all of the hours worked in excess of 40 per week, (ii) an additional and equal amount as liquidated damages for Defendants' willful violations of the FLSA, (iii) interest, and (iv) reasonable attorneys' fees and costs.

## COUNT III
## (Individual Minimum Wage Claim against both Defendants)
## <u>Willful Failure Pay Minimum Wages in Violation of the FLSA</u>

65.     At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

66.     The minimum-wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

67.     At all relevant times, Defendant Pappoe asserted control of Amazing Care's day-to-day operations, and made the decisions regarding the amount that Plaintiff would be compensated, including the decision not to pay Plaintiff any wages for an approximately two-week period in January 2022, and is therefore an employer within the meaning of the FLSA.

68.     At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206.

69.     On information and belief, Defendants have had gross revenues in excess of $500,000 at all times relevant to this Complaint.

70.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

71.     Defendants failed to pay Plaintiff any wages for work performed during an approximately two-week period in January 2022.

72.    As a consequence of Defendants' failure to pay Plaintiff any wages during an approximately two-week period in January 2022, Defendants failed to pay Plaintiff the minimum wage of $7.25 per hour for all hours worked, in violation of the FLSA.

73.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74.    Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

75.    Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) all unpaid minimum wages during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

**COUNT IV**
**(Asserted against Amazing Care)**
**Breach of Contract—Failure to Pay Wages**

76.    Amazing Care agreed to compensate Plaintiff at a set hourly rate for services rendered, forming an employment contract with Plaintiff.

77.    The employment contract imposed a duty of good faith and fair dealing upon Amazing Care.

16

78.    Plaintiff fully performed her contractual obligations.

79.    Amazing Care promised Plaintiff the compensation in exchange for which Plaintiff accepted her position with Amazing Care and performed valuable services for Amazing Care.

80.    Plaintiff relied upon Amazing Care's compensation promises in accepting her position with Amazing Care and performing valuable services for Amazing Care.

81.    In breach of her employment contract, Amazing Care failed to pay Plaintiff approximately two weeks' wages to which she is entitled.

82.    Amazing Care is liable to Plaintiff for breach of contract in the full amount of the wages due to her, plus interest and attorneys' fees and costs.

### COUNT V (PLED IN THE ALTERNATIVE)
### (Asserted against Amazing Care)
### Quantum Meruit

83.    In the alternative, Amazing Care is liable to Plaintiff for *quantum meruit* in the full amount of compensation owed to her, plus interest and attorneys' fees and costs.

84.    In reliance on the representation by Amazing Care that she would be paid all compensation owed and promised, Plaintiff accepted her position with Amazing Care and performed valuable services for Amazing Care.

85.   The services Plaintiff performed for Amazing Care were done at the request of Amazing Care, which knowingly accepted such services.

86.   Amazing Care's acceptance of Plaintiff's services without payment to her of the wages promised would be unjust.

87.   At the time Plaintiff performed services for Amazing Care, she expected to be paid all compensation owed and promised.

88.   At the time Plaintiff performed services for Amazing Care, Amazing Care knew that she expected Amazing Care to pay her all wages owed and promised.

89.   Amazing Care is liable to Plaintiff for *quantum meruit* in the full amount owed, plus interest and attorneys' fees and costs.

### COUNT VI (PLED IN THE ALTERNATIVE)
### (Asserted against Amazing Care)
### Promissory Estoppel

90.   In the alternative, Amazing Care is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount of wages owed, plus interest and attorneys' fees and costs.

91.   Amazing Care promised Plaintiff that Amazing Care would compensate her for services she provided by paying her the agreed-upon compensation.

92.     Amazing Care should have reasonably expected Plaintiff to rely on its promise to pay her the full wages that she was owed and promised.

93.     In reliance on the representation by Amazing Care that she would be paid the full compensation owed and promised, Plaintiff accepted her position with Amazing Care and performed valuable services for Amazing Care.

94.     Plaintiff relied on Amazing Care's promise to her detriment by performing valuable services for Amazing Care instead of pursuing other opportunities.

95.     Injustice can only be avoided by enforcing Amazing Care's promise to pay Plaintiff the full amount of wages owed and promised to her.

96.     Amazing Care is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed and promised, plus interest and attorneys' fees and costs.

### COUNT VII (PLED IN THE ALTERNATIVE)
### (Asserted against Amazing Care)
### Unjust Enrichment

97.     In the alternative, Amazing Care is liable to Plaintiff for unjust enrichment in the full amount of wages owed, plus interest and attorneys' fees and costs.

98.     Amazing Care promised Plaintiff that Amazing Care would compensate her for valuable services that she provided by paying her the wages owed and promised to her.

99.     Amazing Care requested that Plaintiff perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Plaintiff performed such valuable services because of Amazing Care's promise to pay her the full compensation agreed upon.

100.    In reliance on the representation by Amazing Care that she would be paid the full compensation promised, Plaintiff performed valuable services for Amazing Care and thereby conferred a benefit to Amazing Care.

101.    Injustice can only be avoided by enforcing Amazing Care's promise to pay Plaintiff the full compensation owed to her.

102.    Amazing Care is liable to Plaintiff for unjust enrichment in the amount of the full compensation owed, plus interest and attorneys' fees and costs.

### COUNT VIII
### (Asserted against Amazing Care)
### <u>Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11</u>

103.    Amazing Care has acted in bad faith, including, but not limited to, its breach of the employment contract, by failing to pay Plaintiff wages to which she is entitled.

104.   In refusing to pay Plaintiff the wages that she is owed, Amazing Care has caused Plaintiff unnecessary trouble and expense.

105.   Pursuant to O.C.G.A. § 13-6-11, Amazing Care is liable for Plaintiff's expenses of litigation, including attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and entry of a judgment granting following relief:

a.   Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   A declaratory judgment that Defendants' practices complained of herein violated the FLSA;

c.   Application of the FLSA's three-year statute of limitations;

d.   An award of unpaid overtime compensation due under the FLSA to Plaintiff and the other members of the FLSA Collective;

e.  An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiff and the other members of the FLSA Collective;

f.  An award of unpaid minimum wages due under the FLSA to Plaintiff;

g.  An award of liquidated damages as a result of Defendants' failure to pay minimum wages to Plaintiff;

h.  With respect to Plaintiff's state-law claims, an award to Plaintiff of all wages due to her;

i.  An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of February 2022.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff