### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| PARBATEE YASHIN, individually and on behalf of all similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMAZING CARE AGENCY INC., and RHODA PAPPOE,<br><br>Defendants. | Civil Action No. 1:22-cv-00662-WMR<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
### AGAINST DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Parbatee Yashin ("Plaintiff") hereby respectfully moves for default judgment against Defendants Amazing Care Agency Inc. ("Amazing Care") and Rhoda Pappoe (collectively with Amazing Care, "Defendants"). Plaintiff requests that the Court: (1) order that liability is established on Plaintiff's individual claims against Defendants based on the well-pleaded allegations in Plaintiff's Complaint; (2) hold a hearing pursuant to Rule 55(b)(2)(B) to determine the amount of damages to award to Plaintiff; and (3) order that Plaintiff may submit an application for reasonable attorneys' fees and costs within fourteen (14) days following the hearing.

1

In support of this motion, Plaintiff shows the Court as follows:

1. On February 17, 2022, Plaintiff filed her Collective Action Complaint in this action, in which she asserts two (2) claims against Defendants under the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), individually and on behalf of those similarly-situated (Counts I and II). (*See* Doc. 1 ¶¶ 41–64). Plaintiff additionally asserts an individual FLSA claim against Defendants for unpaid minimum wages (Count III). (*Id.* ¶¶ 65–75).

2. Plaintiff also asserts an individual claim against Defendants for breach of contract (Count IV) under Georgia state law. (*Id.* ¶¶ 76–82). Alternatively, Plaintiff asserts individual claims against Defendants for quantum meruit (Count V), promissory estoppel pursuant to O.C.G.A. § 13-3-44 (Count VI), and unjust enrichment (Count VII). (*Id.* ¶¶ 83–102). Finally, Plaintiff asserts an individual claim against Defendants for her expenses of litigation pursuant to O.C.G.A. § 13-6-11 (Count VIII). (*Id.* ¶¶ 103–05).

3. In the Complaint, Plaintiff seeks affirmative relief from Defendants in the form of an award of: all unpaid wages, including all unpaid minimum and overtime wages owed; liquidated damages on Plaintiff's FLSA claims; attorneys' fees and costs; prejudgment and post-judgment interest; and all other equitable and other further relief deemed just and proper by the Court. (*Id.* at pp. 21–22).

4. On April 2, 2022, Plaintiff served Defendants with their respective Summons and the Complaint. (Docs. 6, 7). Plaintiff filed the executed Proofs of Service with the Court on April 12, 2022. (Docs. 6, 7).

5. The deadline for Defendants to answer or otherwise respond to Plaintiff's Complaint was Monday, April 25, 2022. (Docs. 6, 7); Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have not filed an Answer or any other responsive pleading, individually or collectively.

6. On June 15, 2022, on Plaintiff's motion, the Clerk entered default against Defendants pursuant to Rule 55(a). (Doc. 8; CM/ECF for U.S. Dist. Ct. for N.D. Ga., Case No. 1:22-cv-00662-WMR, dkt. entry dated June 15, 2022, entitled "Clerks Entry of Default as to Amazing Care Agency Inc., Rhoda Pappoe").

7. Rule 55(b)(2) provides that the Court may, *inter alia*, conduct a hearing in the context of a default judgment to determine the amount of damages.

8. Solely for the purpose of the requested Rule 55 hearing to determine the amount of damages to be awarded to Plaintiff, Plaintiff waives her right to a jury trial and requests that the Court determine the appropriate damages to award.

9. As fully explained in Plaintiff's memorandum of law filed herewith, Defendants' default establishes liability on Plaintiff's individual claims against

Defendants under and the FLSA and Georgia law.[1]  Specifically, the default establishes that:

    a.    Defendants violated the FLSA's overtime provisions by failing to pay Plaintiff overtime pay for all hours worked in excess of 40 per week during the three-year period preceding the filing of the Complaint (the "relevant time period") (Count I);

    b.    Defendants violated the FLSA's minimum-wage provisions by failing to pay Plaintiff the federally-mandated minimum wage for all hours worked during the relevant time period (Count III);

    c.    Amazing Care breached its employment contract with Plaintiff by failing to pay Plaintiff for approximately two (2) weeks' worth of wages to which she is entitled because she accepted her position with Amazing Care and performed valuable services therefore in exchange for the promised compensation (Count IV);

---

[1] Plaintiff's Complaint contains a collective-action claim brought pursuant to the FLSA. (Count II). Plaintiff does not seek default judgment on that claim at this time due to the likely difficulties in attempting to compel Defendants to participate in the notice process pursuant to 29 U.S.C. § 216(b), and in order to expedite relief for Plaintiff. Because this is a collective action, and not a class action, no other members of the putative collective will be in any way prejudiced by a judgment entered in favor of Plaintiff and against the Defendants.

    d.    Alternatively, Amazing Care is liable to Plaintiff for *quantum meruit* in the full amount of compensation owed to her because: (i) Plaintiff accepted her position with Amazing Care and performed valuable services for Amazing Care in reliance on Amazing Care's representation that she would be paid all compensation owed and promised; (ii) the services that Plaintiff performed for Amazing Care were done at its request, and it knowingly accepted such services; (iii) Amazing Care's acceptance of Plaintiff's services without payment to her of her promised wages would be unjust; and (iv) at the time Plaintiff performed services for Amazing Care, she expected to be paid all compensation owed and promised, which expectation Amazing Care knew of when she provided those services (Count V);

    e.    Alternatively, Amazing Care is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed, plus interest and attorneys' fees and costs, because: (i) Amazing Care promised Plaintiff that it would compensate her for services she provided by paying her the agreed-upon

      compensation; (ii) Amazing Care should have reasonably expected Plaintiff to rely on its promise to pay her the full wages that she was owed and promised; (iii) Plaintiff accepted her position with Amazing Care and performed valuable services therefore in reliance on Amazing Care's representation that she would be paid the full compensation owed and promised; (iv) Plaintiff relied on Amazing Care's promise to her detriment by performing valuable services for Amazing Care instead of pursuing other opportunities; and (v) injustice can only be avoided by enforcing Amazing Care's promise to pay Plaintiff the full amount of wages owed and promised to her (Count VI);

f.    Alternatively, Amazing Care is liable to Plaintiff for unjust enrichment in the amount of the full wages owed, plus interest and attorneys' fees and costs, because: (i) Amazing Care promised Plaintiff that it would compensate her for valuable services that she provided by paying her the wages owed and promised to her; (ii) Amazing Care requested that Plaintiff perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Plaintiff performed

        such valuable services because of its promise to pay her the full compensation agreed upon; (iii) Plaintiff relied upon Amazing Care's representation that she would be paid the full compensation promised, and thus performed valuable services for Amazing Care; and (iv) injustice can only be avoided by enforcing Amazing Care's promise to pay Plaintiff the full compensation owed to her (Count VII); and

  g.  Plaintiff is entitled to her expenses of litigation pursuant to O.C.G.A. § 13-6-11 on her Georgia claims, including reasonable attorneys' fees and costs, because Amazing Care acted in bad faith, including, but not limited to, its breach of the employment contract, by failing to pay Plaintiff wages to which she is entitled, thereby causing her unnecessary trouble and expense (Count VIII).

10.  With respect to damages for each of these claims, because Plaintiff's Complaint does not contain a claim for damages in a "sum certain," "or a sum that can be made certain by computation," Plaintiff requests that the Court hold a hearing pursuant to Rule 55(b)(2)(B) to determine the amount of damages.

Plaintiff therefore respectfully requests that the Court: (1) order that liability is established on Plaintiff's individual claims against Defendants based on the well-pleaded allegations in the Complaint; (2) hold a hearing pursuant to Rule 55(b)(2)(B) to determine the amount of damages to award to Plaintiff; and (3) order that Plaintiff may submit an application for reasonable attorneys' fees and costs within fourteen (14) days following the hearing.

This motion is supported by the memorandum of law submitted herewith.

Respectfully submitted, this 29th day of June 2022.

>*/s/ Michael D. Forrest*
> Michael D. Forrest
> Georgia Bar No. 974300
> Justin M. Scott
> Georgia Bar No. 557463
> SCOTT EMPLOYMENT LAW, P.C.
> 160 Clairemont Avenue, Suite 610
> Decatur, Georgia 30030
> Telephone: 678.780.4880
> Facsimile: 478.575.2590
> jscott@scottemploymentlaw.com
> mforrest@scottemploymentlaw.com
>
> Counsel for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1(C).

/s/ *Michael D. Forrest*
Michael D. Forrest
Georgia Bar No. 974300

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PARBATEE YASHIN,<br>individually and on behalf of all<br>similarly-situated persons,<br><br>   Plaintiff,<br><br>v.<br><br>AMAZING CARE AGENCY INC.,<br>and RHODA PAPPOE,<br><br>   Defendants. | Civil Action No. 1:22-cv-00662-WMR<br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I sent the foregoing document via U.S. mail to Defendants Amazing Care Agency Inc. and Rhoda Pappoe at the address at which they were served with the Complaint and their respective Summonses.

Respectfully submitted, this 29th day of June 2022.

/s/ *Michael D. Forrest*
Michael D. Forrest
Georgia Bar No. 974300
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030

1

2

                Telephone: 678.780.4880
                Facsimile: 478.575.2590
                jscott@scottemploymentlaw.com
                mforrest@scottemploymentlaw.com

                Counsel for Plaintiff