IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PARBATEE YASHIN, individually and on behalf of all similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZING CARE AGENCY INC., and RHODA PAPPOE,<br><br>    Defendants. | CIVIL ACTION<br>NO. 1:22-cv-00662-WMR |

# FINAL ORDER AND JUDGMENT

On October 3, 2022, the Court held a hearing to determine the appropriate measure of damages in this case after Defendants Amazing Care Agency Inc. ("Amazing Care") and Rhoda Pappoe failed to file an answer or other defensive pleading and the Court entered default judgment as to liability in favor of Plaintiff on her individual claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and Georgia law. At the hearing on damages, Plaintiff testified regarding the facts underlying her claims, including the time worked during the relevant time period and the extent of her damages.

## I.  FACTUAL FINDINGS

Plaintiff's testimony and the well-pleaded factual allegations in her complaint, which are deemed admitted by Defendants' default,[1] establish the following facts:

Defendants are in the business of providing in-home, non-medical services, including personal care and companion/sitter services, in the metro Atlanta area. At all relevant times, Defendants were "employers" engaged in interstate commerce within the meaning of the FLSA and 29 U.S.C. § 207(l).

Defendants employed Plaintiff as a Home Care Giver from approximately July 29, 2021, to January 21, 2022. Defendants assigned the clients that Plaintiff would assist, and Plaintiff's duties as a Home Care Giver included assisting her assigned clients with, among other things, personal care, daily tasks and activities, transportation, meal preparation, housekeeping, and therapy.

Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week, and in fact had actual knowledge of the time Plaintiff worked in excess of 40 hours per week because Defendants paid Plaintiff straight time for all hours worked. Despite Defendants' knowledge of overtime worked by Plaintiff, Defendants required, encouraged, and knowingly permitted Plaintiff to

---

[1] A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

work overtime hours, and failed to pay Plaintiff required overtime premium pay when she worked overtime hours.

Defendants' failure to pay Plaintiff one-and-one-half her regular rate of pay for the time she worked in excess of 40 hours per week was pursuant to a policy and practice Defendants intentionally applied to Plaintiff.  Defendants' violations of the FLSA were willful and not in good faith.  Similarly, in refusing to pay Plaintiff the wages that she is owed in breach of her employment contract with Amazing Care, under which contract Plaintiff fully performed, Amazing Care has acted in bad faith and has caused her unnecessary trouble and expense.

At the damages hearing, Plaintiff testified that she typically worked five (5) to six (6) 12-hour shifts per week from on or about July 29, 2021, until January 21, 2022, though she occasionally worked seven (7) 12-hour shifts in a given week during that time period.  Plaintiff further explained that she did not receive her final paycheck for the final two-week period that she worked for Defendants, during which period she worked 12 days.

Plaintiff's testimony established that Defendants paid her an hourly rate of $14.00 for all time worked, regardless of the number of hours Plaintiff worked each week in excess of 40.  Further, throughout her employment, Plaintiff was regularly scheduled to work between approximately sixty (60) and seventy-two (72) hours per

week. In addition, in January 2022, Plaintiff did not receive her paycheck for the two-week period preceding her resignation, during which Plaintiff worked 12 days. Defendants have not paid Plaintiff the wages owed to her.

## II. PROCEDURAL HISTORY

On February 17, 2022, Plaintiff filed her Collective Action Complaint in this action, in which she asserts two (2) claims against Defendants under the FLSA's overtime provisions, individually and on behalf of those similarly situated (Counts I and II). Additionally, Plaintiff asserts an individual FLSA claim against Defendants for unpaid minimum wages (Count III). Plaintiff also asserts individual claims against Defendants under Georgia law for breach of contract (Count IV) and, *alternatively*, quantum meruit (Count V), promissory estoppel (Count VI), and unjust enrichment (Count VII). Finally, Plaintiff asserts an individual claim against Defendants for her expenses of litigation pursuant to O.C.G.A. § 13-6-11 (Count VIII).

On April 2, 2022, Plaintiff served Defendants with their respective Summons and the Complaint. Plaintiff filed the executed Proofs of Service with the Court on April 12, 2022.

On June 15, 2022, on Plaintiff's motion, the Clerk entered default against Defendants pursuant to Rule 55(a). On June 29, 2022, Plaintiff moved for default

judgment against Defendants as to liability on her individual claims, which motion the Court granted on August 30, 2022.

The Court's August 30, 2022, Order scheduled a hearing on Plaintiff's damages for October 3, 2022, which hearing was held as scheduled. Plaintiff attended and provided testimony in support of her claims; Defendants did not attend.

### III.   PLAINTIFF'S DAMAGES

Plaintiff seeks $11,116.00 in total damages on her individual FLSA overtime claims and Georgia state-law claims, calculated as follows:

- $4,550.00 in total unpaid overtime wages, comprised of 25 weeks at an overtime premium of $7.00 per hour and an estimate of 26 hours of overtime per week;

- $4,550.00 in liquidated damages pursuant to the FLSA; and

- $2,016.00 in unpaid regular wages for Plaintiff's last pay period, comprised of 12 unpaid 12-hour shifts at a regular hourly rate of $14.00.

#### A.   Plaintiff's Unpaid Wages

At the damages hearing, Plaintiff credibly testified as to her hours, days, and weeks worked, as well as her regular hourly rate ($14.00). Based on that evidence, as well as the well-pleaded allegations in the Complaint deemed admitted as a result of Defendants' default, the Court finds that Plaintiff's damages calculations are factually supported and in accordance with applicable law. *See Hanson v. Trop,*

*Inc.*, 167 F. Supp. 3d 1324, 1335 (N.D. Ga. 2016) ("Where the employer fails to submit accurate records, to recover, the employee need only show he has in fact performed work for which he was improperly compensated and produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." (quoting *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (quotation marks and ellipses omitted)). Therefore, the Court finds that Plaintiff is entitled to her unpaid wages, as calculated above.

### B.   Liquidated Damages

Plaintiff seeks liquidated damages equivalent to her unpaid overtime wages. Good faith is an affirmative defense against an award of liquidated damages under the FLSA, which Defendants have failed to demonstrate here. *See Henderson v. 1400 Northside Drive, Inc.*, 2016 WL 3125012, at *4 (N.D. Ga. June 3, 2016) ("Parties 'who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith.'" (quoting *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012)). Indeed, Defendants' lack of good faith is affirmatively established by their default. Thus, the Court finds that Plaintiff is entitled to liquidated damages in an amount equivalent to her unpaid overtime wages. 29 U.S.C. § 216(b); *see also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (stating that the

district court lacks discretion to award partial or no liquidated damages unless and until the employer has carried its burden of proving good faith).

### C. Reasonable Attorneys' Fees and Costs

The FLSA mandates that successful plaintiffs recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b).  Further, O.C.G.A. § 13-6-11 states that a plaintiff may recover expenses of litigation stemming from a defendant's conduct, including reasonable attorneys' fees, where, as here, a plaintiff "has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith . . . or has caused the plaintiff unnecessary trouble and expense."

Federal courts commonly use the lodestar method to calculate reasonable fee awards.  Under the lodestar method, "courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).  Similarly, in Georgia courts, "[i]t is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees." *Ga. Dep't of Corrs. v. Couch*, 295 Ga. 469, 483 (2014) (quotation marks omitted).

Here, Defendants' default and commensurate liability on Plaintiff's individual FLSA overtime claims establishes her entitlement to an award of her attorneys' fees

and costs under 29 U.S.C. § 216(b). Similarly, Plaintiff specifically pleaded a count for reasonable attorneys' fees and costs under O.C.G.A. § 13-6-11, upon which judgment in favor of Plaintiff is being entered, and the record before the Court adequately demonstrates Defendants' requisite bad faith for an award on Plaintiff's state-law claims pursuant to § 13-6-11.

Plaintiff has submitted an application for attorneys' fees totaling $14,093.00 and costs totaling $944.12. In support of Plaintiff's request, her counsel submitted a declaration attesting to the customary rates he and his firm charged, as well as the hours worked on this matter at those rates. This declaration included contemporaneous billing records, which detailed the work counsel performed in pursing Plaintiff's case. The declaration also described costs totaling $944.12 incurred in pursuing this matter on Plaintiff's behalf. In light of the declaration and contemporaneous billing records provided by Plaintiff's counsel, as well as the work performed by Plaintiff's counsel to advance Plaintiff's case and obtain a favorable outcome, the Court finds that the requested attorneys' fees and costs totaling $15,037.12 are fair and reasonable.

## IV.   JUDGMENT

After careful consideration of the record, including evidence adduced at the damages hearing and the admitted allegations in the Complaint, it is hereby

**ORDERED** that judgment is entered against Defendants, and that Plaintiff is awarded damages totaling $**11,116.00**, which is comprised of $4,550.00 in total unpaid overtime wages, $4,550.00 in liquidated damages, and $2,016.00 for two weeks (144 hours) of unpaid wages.

It is **FURTHERED ORDERED** that Plaintiff is awarded $**15,037.12** in reasonable attorneys' fees and costs, and judgment against Defendants is entered for the same. As the issue of attorneys' fees has been addressed in this Order, the Clerk is directed to terminate Plaintiff's Motion for Attorney Fees. [Doc. 15].

The Clerk of Court is **DIRECTED** to enter Final Judgment and close this case.

SO ORDERED, this ___30th___ day of January, 2023.

*/s/ William M. Ray II*

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia